UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JEREMY WAYNE DUKE          ]
    Plaintiff,          ]
                           ]
v.                         ]          No. 3:16-2480
                           ]          Chief Judge Sharp
RUTHERFORD COUNTY, et al.  ]
    Defendants.         ]

# **M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Hardeman County Correctional Facility in Whiteville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Rutherford County; the Rutherford County Sheriff's Department; Robert Arnold, Sheriff of Rutherford County; News Channel 5, a CBS affiliate in Nashville; twenty (20) members of the Rutherford County Sheriff's Department; at least six civilians and nine others who have not been properly identified; seeking injunctive relief and damages.

The plaintiff claims that, on March 22, 2015, a group of men attacked him and shot the plaintiff in his face. The next day, the plaintiff surrendered to police and was charged with two counts of aggravated assault. The plaintiff was released on bond but, a few days later, he was returned to custody and charged with murder. Apparently, the plaintiff has been convicted for conduct that occurred in March, 2015.

The complaint is disjointed and not very concise with its allegations and facts. Nevertheless, liberally construing the complaint, it appears that the plaintiff is challenging what he considers to

1

be defamation of character when it was reported by the police and the news outlet that he had murdered someone. The plaintiff also seems to be questioning the level of medical care he received in May, 2015, alleges "misconduct between the investigators and prosecutors", and claims that he was "illegally prosecuted and wronged". He asks that "guilty findings and punishment be overturned" and that he be awarded damages.

The plaintiff signed the complaint and presumably placed it in the mail for posting on September 7, 2016. Many of the plaintiff's claims that can be deciphered from the complaint arose in March and May of 2015. Thus, it appears that those claims involving defamation, medical care and misconduct among the investigators are time-barred by the one year statute of limitations imposed upon civil rights claims brought in Tennessee. Merriweather v. City of Memphis, 107 F.3d 396, 398 (6th Cir.1997). Nothing in the complaint suggests that the statute should be tolled so as to permit the untimely filing of these claims. The Court, therefore, concludes that these untimely claims are not actionable. Dellis v. Corrections Corp. of America, 257 F.3d 508, 511 (6th Cir.2001)(*sua sponte* dismissal of an untimely prisoner complaint is appropriate).

The plaintiff also appears to be questioning the legality of the "guilty findings and punishment" he has received as a result of the charges against him.

A prisoner does not state a cognizable claim under 42 U.S.C. § 1983 if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). Nowhere in the complaint does it suggest that the plaintiff has already successfully tested the validity of his confinement in either a

state or federal court. Therefore, the plaintiff's claims challenging his continued confinement are not yet cognizable in a § 1983 action.

Since it appears that the plaintiff's claims are either time-barred or foreclosed by Heck, the Court is obliged to dismiss the instant complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Kevin H. Sharp
Chief District Judge